IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA  PLAINTIFF/RESPONDENT

v.  Civil No. 06-5006
Criminal No. 99-50040-001

EZRA EARL MAGLOTHIN, JR.
a/k/a Scotty Maglothin  DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ezra Earl Maglothin, Jr., a federal inmate, brings this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. I have not ordered service of process on the United States.

Maglothin was charged in 1999 with conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846. He pled guilty to the charge, then later moved to withdraw the plea. The district court denied the motion and overruled Maglothin's objections to the presentence investigation report. With a resulting guideline range of 168 to 210 months, the district court sentenced Maglothin at the bottom of the range. The Eighth Circuit affirmed the conviction and sentence in an unpublished opinion. *United States v. Maglothin*, 2 Fed. Appx. 737 (8th Cir. 2001).

In the instant motion, Maglothin challenges his sentence under *United States v. Booker*, ___U.S.___, 124 S.Ct. 2531 (2005). In *Blakely v. Washington*, ___U.S.___, 124 S.Ct. 2531 (2004), the Supreme Court struck down as unconstitutional a Washington state sentencing scheme that allowed judges to apply sentencing enhancements based on judge-found facts. The court held that the Sixth Amendment right to trial by jury requires that any fact which leads to a sentencing enhancement, other than the fact of a prior conviction, must be found by a jury or admitted by the

defendant. In *Booker*, the Court applied the *Blakely* holding to the Federal Sentencing Guidelines, finding them unconstitutional. The Court made the mandatory Guidelines advisory only to correct the defect.

Here, Maglothin's conviction became final prior to the delivery of the *Booker* decision on January 12, 2005. Booker is not retroactively applied to convictions that became final prior to the decision. *Never Misses a Shot v. United States,* 413 F.3d 781 (8th Cir. 2005). Maglothin, therefore, has no *Booker* claim.

I recommend that Maglothin's motion be dismissed without prejudice.[1] **The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

DATED this 20th day of January 2006.

/s/Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

---

1. The court can deny relief without a hearing where the matters on file conclusively show the movant is not entitled to relief. *Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992).